**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Duane Thomas Lee, | No. CV-16-08138-PCT-JAT |
| Movant-Defendant, | CR-05-594-PCT-JAT |
| v. | **ORDER** |
| USA, | |
| Respondent-Plaintiff. | |

## I. Claim in this case

Movant has summarized the claim in this case as follows: "Mr. Lee is before the Court challenging his conviction under 18 U.S.C. § 924(c) for discharging a firearm during and in relation to a crime of violence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), on the ground that the predicate crime in his case, second-degree murder in violation of 18 U.S.C. § 1111, is not a 'crime of violence' under § 924(c)(3) in the wake of *Johnson*." (Doc. 29 at 1).

## II. Procedural History

Pending before the Court is the second Report and Recommendation (R&R) issued by the Magistrate Judge recommending that the Motion to Vacate, Set Aside or Correct Sentence ("Motion") in this case be denied. After the first R&R was issued, the Supreme Court decided *Class v. United States*, 138 S.Ct. 798 (2018). After the second R&R was issued, the Ninth Circuit Court of Appeals decided *United States v. Blackstone*, No. 17-55023, 2018 WL 4344096 (9th Cir. Sept. 12, 2018).

In the first R&R the Magistrate Judge recommended that this Court find that Movant has waived his right to bring this Motion via his plea agreement. (Doc. 23 at 6-9). Following the supplemental briefing on *Class*, this Court (mistakenly) believed that the parties agreed that Petitioner's waiver did not preclude his Motion in this case. (Doc. 31). This Court re-referred this case to the Magistrate Judge for a second R&R. In preparing the second R&R, the Magistrate Judge (correctly) determined that the parties were not in agreement on whether *Class* impacted Respondent's waiver arguments. Thus, in the second R&R, the Magistrate Judge again recommends that this Court find that Movant waived his ability to bring this motion via his plea agreement, notwithstanding *Class*. (Doc. 35 at 9-16). Movant objected to this recommendation.

In the second R&R, the Magistrate Judge went on, in the event this Court disagreed regarding the waiver bar, to analyze Movant's Motion. In that analysis, the R&R recommended that this Court find the Motion was timely. However, following the Ninth Circuit Court of Appeals decision in *Blackstone*, the Government argues that the Motion is not timely.[1] Movant suggests that he will argue that *Blackstone* is wrongly decided on appeal, and also argues that he is subject to an exception from *Blackstone*'s conclusion.

Assuming neither Movant's waiver, nor the time bar, prevent the Court from reaching the merits of the Motion, the second R&R ultimately concludes that Movant should be given relief as to his conviction on Count Two. (Doc. 35 at 48). The Government objects to this recommendation. (Doc. 39).

## III. Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d

---

[1] The Government's position throughout the pendency of the Motion has been that it is untimely; however, the Government now argues the issue is definitively resolved by *Blackstone*.

1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Both Movant and the Government filed objections to the R&R. (Docs. 36 and 39). Further, at the Court's request, each filed a supplemental brief. (Docs. 41 and 42).

## IV. Motion

### A. Waiver

As discussed above, the first issue this Court must address is whether Movant waived his ability to bring this Motion via his plea agreement. The R&R concludes that Movant expressly waived his ability to bring this Motion. (Doc. 35 at 9-16). Specifically, the R&R notes that the plea agreement included the following: "The defendant further waives…(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255." (Doc. 35 at 9).

Movant argues that the type of § 2255 motion he is bringing is non-waivable; thus, even the express waiver language of his plea agreement would not bar this Motion. (Doc. 36). Specifically, Movant argues: 1) a guilty plea does not implicitly waive any claim that goes to the government's ability to bring charges in the first instance; and 2) a waiver cannot be enforced against a claim that a sentence or conviction is unconstitutional. (Doc. 36 at 2).

Conversely, the Government argues that Movant's express waiver should be enforced. (Doc. 39 at 2-3). However, the Government then basically concludes that the distinctions drawn in *Class* between Constitutional claims and statutory claims are very difficult to apply in practice; thus, the Government encourages the Court to decide the Motion in this case on a ground other than waiver.[2] (Doc. 39 at 3). Nonetheless, the Government argues that what the Supreme Court found to not be waived by Mr. Class was a Constitutional challenge, and the Government argues that what Movant in this case brings is a statutory challenge; thus, Movant's claim is waivable and was in fact waived. (Doc. 30 at 3).

---

[2] Similarly, in responding the this Court's request for supplemental briefing regarding the impact of the *Class* decision, the Government encouraged this Court to decide the Motion in this case on grounds other than waiver. (Doc. 30 at 4).

The first issue the Court must decide with respect to waiver is whether *Class* controls this Court's analysis. The second R&R finds *Class* to be distinguishable from this case because in *Class* the defendant merely pleaded guilty, he did not waive any rights to appeal or challenge his conviction. (Doc. 35 at 14-16). The court in *Class* found that Mr. Class's plea did not contain an express waiver of the right to appeal. 138 S.Ct. at 807-808.

Here, as recounted in the R&R, the plea was not silent as to waiver. The waiver was express. The Court agrees with the R&R that, even post-*Class*, express waivers of Constitutional rights are enforceable. (Doc. 35 at 14-16). In other words, this Court finds that the holding of *Class* is limited to pleas that have no express waivers.

Having determined that *Class* did not change the state of the law, the Court must determine whether Movant's waiver barred his claim in this case even pre-*Class*. As indicated above, the first R&R concluded that said waiver did bar the claim in this case, and Movant objected to this conclusion. The second R&R reaches the same conclusion. (Doc. 35 at 10-13). Movant again objects and argues that he is challenging his sentence, not his conviction. Movant makes this distinction, presumably, because waivers as to sentencing issues frequently are unenforceable (because they come after the plea) but waivers as to conviction issues (even Constitutional issues) are enforceable because they were knowable at the time of the plea. *See generally* (Doc. 35 at 10-13).

The R&R rejects Movant's characterization that he is challenging his sentence and not his conviction. (Doc. 35 at 12-13). The nuances of when a Movant is challenging a conviction verses a sentence come from *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007), which stated that a guilty plea waiver would not be enforced if the sentence violates the law (among other reasons not relevant here). *Id*. at 624. *Bibler* went on to state "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* Here, Movant is arguing that his sentence violates the Constitution if the statute under which he is convicted is itself unconstitutional. (Doc. 24 at 2).

The R&R reaches a persuasive conclusion that this is not a sentencing claim because, if this type of Constitutional challenge not to the sentence, but to the conviction, counts as a "sentencing" claim, all Constitutional challenges to convictions would not be waivable. Clearly, such a result is inconsistent with a myriad of Supreme Court cases which found that Constitutional challenges to convictions were waived by pleading guilty. (Doc. 35 at 10-13 (discussing various cases finding both implicit and express waivers to be enforceable)). In other words, the logical result of Movant's broad interpretation of what is a sentencing claim is that any claim challenging the conviction is a claim that the sentence is "illegal." This Court agrees with the R&R that Movant's theory of what qualifies as a sentencing claim would ultimately make the majority of waivers unenforceable. Given that courts have routinely held that waivers are enforceable, this Court will not go against the weight of this authority to find Movant did not waive this claim.

As a result, the Court finds Movant's current claim to be barred by his express waiver in his plea agreement and the Motion will be denied and dismissed on this basis.

**B.    Statute of Limitations**

This Court addressed whether Movant waived the ability to bring this Motion as an initial inquiry because such question potentially impacted Movant's standing to be before this Court. Alternatively, the Government has argued that the statute of limitations also bars Movant's Motion. The Court will now consider this alternative basis for dismissal.

The R&R concluded that the Motion in this case is not barred by the statute of limitations because of the exception in 28 U.S.C. § 2255(f)(3).[3] (Doc. 35 at 16-23). However, as noted above, after the R&R issued, the Ninth Circuit Court of Appeals decided *United States v. Blackstone*, No. 17-55023, 2018 WL 4344096 (9th Cir. Sept. 12,

---

[3]  Neither party objected to the R&R's conclusion that the Motion was filed more than one year after Movant's conviction became final and that under the general one-year statute of limitations the Motion is untimely. (Doc. 35 at 16-17). Thus, the only issue was whether Movant qualified for an exception to that general rule.

2018).  As further noted above, the Government argues in its supplemental brief that *Blackstone* is directly on point, and resultantly makes Movant's Motion untimely.  (Doc. 42).  The Court agrees with the Government that *Blackstone* is directly on point and bars Movant's motion.[4]

Movant attempts to distinguish *Blackstone* in two ways.  First, he argues *Blackstone* is wrongly decided in light of existing Supreme Court precedent.  (Doc. 41 at 3).  This Court cannot rule that binding Ninth Circuit precedent is wrongly decided; therefore, this distinction fails.

Second, Movant argues he is actually innocent, which would allow his Motion to be timely.  (Doc. 41 at 3).  However, Movant has never argued factual innocence in this case.  (Indeed, he has argued that he is bringing a sentencing claim; although the Court has rejected this argument.)  At best, Movant has argued legal innocence by making a constitutional challenge to the statute of conviction.  For the reasons stated in *Bousley v. United States*, 523 U.S. 614, 623 (1998) (requiring factual innocence not legal insufficiency); *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012) (same); and *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (holding that a purely legal claim is not equivalent to factual innocence and therefore is not actual innocence for purpose of the exception to the statute of limitation), this legal theory does not meet the actual innocence exception to the statute of limitation.

Thus, because *Blackstone* is controlling, and directly on point, the Court alternatively will dismiss this Motion because it is barred by the statute of limitation.

## V.  Conclusion

Because the Court has concluded that the Motion in this case is barred for two procedural reasons, the Court will not reach the remainder of the R&R recommendations regarding the merits of this case.  Based on the foregoing,

---

[4]  Specifically, *Blackstone* held that: "The Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *United States v. Blackstone*, No. 17-55023, 2018 WL 4344096, at *7 (9th Cir. Sept. 12, 2018).  As a result, Blackstone's motion did not qualify for the exception to the statute of limitations in 28 U.S.C. § 2255(f)(3).  *Id*. at *6-7.

**IT IS ORDERED** that the R&R (Doc. 35) is modified as indicated above and accepted. The Motion is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because denial of the Motion is based on a plain procedural bar and jurists of reason would not find this Court's procedural rulings debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 9th day of October, 2018.

James A. Teilborg
Senior United States District Judge